IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARY LEE SPENCER, GDC ID
945457,

     Petitioner,

v.

DOUG WILLIAMS,

     Respondent.

MOTION TO VACATE
28 U.S.C. § 2254

CIVIL ACTION FILE NO.
1:16-CV-1653-TWT-JKL

## FINAL REPORT AND RECOMMENDATION

Petitioner is a state prisoner who, *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Petitioner challenges his judgment of conviction entered in Fulton County, Georgia. [*Id.*] For the reasons that follow, the undersigned **RECOMMENDS** that the petition be **DENIED**.

## I.     BACKGROUND

A Fulton County jury convicted Petitioner of felony murder and other crimes in 2007. [Doc. 1.] At trial, the evidence showed that Petitioner and the victim, Kenneth Morrell,

> sold drugs on opposite corners of an intersection in downtown Atlanta. There had been previous altercations between [Petitioner] and Morrell, and shortly before midnight on August 30, 2006, Morrell crossed the street and initiated a conversation with [Petitioner]. The two men began to argue, and [Petitioner]

pulled out a gun and fired multiple shots at Morrell before fleeing on foot.  Morrell died from multiple gunshot wounds. Several witnesses to the shooting testified at trial.

A police officer found a large wad of cash in small bills and a cell phone in Morrell's pocket.  He did not find a gun by the body, but a witness testified that after he heard gunfire, he saw someone approach Morrell's body, empty his pockets of some cash and drugs, pick up a gun that was lying on the ground at his fingertips, and give the gun to an associate of Morrell's across the street.

[Petitioner] was arrested nearby.  When taken back to the crime scene, he told officers that he had swallowed a large amount of crack cocaine and wanted to die.  [Petitioner] later wrote letters to Monique Boyer asking her not to testify or tell the police anything about his involvement in the shooting.

*Spencer v. State*, 287 Ga. 434, 435 (2010).  The trial court sentenced Petitioner to "life in prison plus five years consecutive."  *Id.* at 434 n.1.  Through new counsel, Petitioner appealed and raised the following claims:

(1)     the trial court erred by not holding a pre-trial *Chandler* hearing pursuant to *Chandler v. State*, 261 Ga. 402 (1991);

(2)     the trial court erred by not asking Petitioner on the record if he wanted to testify; and

(3)     his trial counsel was ineffective because:

(a)     they gave conflicting advice about whether Petitioner should testify, and

(b)     they failed to object and move for a mistrial based on a portion of the prosecutor's closing argument.

2

*Id.* at 434, 439.  The Supreme Court of Georgia affirmed Petitioner's conviction and sentence on June 28, 2010.  *Id.*  Petitioner did not move for rehearing or seek further appellate review.

On November 23, 2011, Petitioner filed in the Superior Court of Baldwin County a petition for writ of habeas corpus.  [Doc. 10-2.]  Petitioner raised nine challenges to his conviction.   He claimed that appellate counsel rendered ineffective assistance of counsel for his failure to raise on direct appeal:  (1) trial counsel's failure to apprise himself of the law regarding a *Chandler* motion, (2) trial counsel's failure to object to the trial court's decision not to apply *Chandler*, (3) trial counsel's failure to properly apprise himself of the law regarding manslaughter, (4) trial counsel's failure to object to the admission of the Boyer letters, (5) trial counsel's failure to investigate facts and prepare a viable defense, (6) trial counsel's failure to object to the prosecutor's appealing to community outrage in his closing argument, (7) trial counsel's failure to raise the prosecutor's tendering of the Boyer letters into evidence, (8) trial counsel's failure to raise the prosecutor's tendering of a false criminal history report into evidence, and (9) trial counsel's failure to raise the trial court's failure to give a manslaughter charge to the jury.  Following a hearing, the state habeas court denied relief in an order filed November 4, 2015.  [Doc. 10-3.]   The Supreme Court of Georgia

denied Petitioner's application for a certificate of probable cause to appeal on April 26, 2016, [Doc. 10-4], and issued the remittitur on May 18, 2016, [Doc. 10-5].

Petitioner filed his federal habeas corpus petition in this Court on May 13, 2016, raising the following ten grounds: (1) trial counsel rendered ineffective assistance of counsel for failing to object and move for a mistrial when the prosecutor vouched for a government witness in his closing argument; (2) trial counsel rendered ineffective assistance of counsel for failing to object to the prosecutor's rehashing testimony during closing arguments; (3) the trial court erred in failing to hold a pre-trial *Chandler* hearing; (4) the trial court erred in failing to ascertain on the record whether Petitioner wanted to testify; (5) the trial court erred in charging the jury on "grave suspicion"; (6) trial counsel rendered ineffective assistance of counsel by failing to present Petitioner's testimony at trial; (7) trial counsel rendered ineffective assistance for counsel for failing to object to the prosecutor stating in closing arguments that Petitioner sold drugs to homeless people; (8) trial counsel rendered ineffective assistance of counsel for failing to state "forcible felony" in his closing argument; (9) trial counsel rendered ineffective assistance of counsel for failing to object to the Boyer letters going into evidence; and (10) appellate counsel rendered ineffective assistance of counsel for failing to raise on direct appeal the prosecutor's "This is your community" speech during closing arguments. [Doc. 1 at 8-11.]

4

Respondent filed an answer, as well as a motion to dismiss the petition as untimely on August 18, 2016, to which Petitioner did not respond. [Docs. 8, 9.] The undersigned recommended granting the motion to dismiss by Final Report and Recommendation ("R&R") dated September 29, 2016, but withdrew the R&R upon Petitioner's objections. [Docs. 13, 15.] Respondent filed an amended answer-response on November 10, 2016. [Doc. 16.] Petitioner filed a brief in support of his petition on December 27, 2016. [Doc. 26.]

## II.   ANALYSIS

### A.   Applicable Legal Standards

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus for a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This power, however, is limited. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (stating that Section 2254 "constrains our review of legal questions decided on the merits in state court").

A federal court may not consider a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must

5

present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure and "complete" the process by giving the state courts a "full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

> Federal habeas review is generally barred for a claim that was procedurally defaulted in state court. For example, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted). Under Georgia law, a ground for relief that could have been raised in a state habeas action but was not is waived and cannot be asserted later. O.C.G.A. § 9-14-51; *Smith v. Zant*, 250 Ga. 645, 647 (1983). Grounds for relief defaulted under state law are barred from review by a federal court. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Bailey*, 172 F.3d at 1303.

The bar to federal habeas review may be lifted if the petitioner can demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law; or (2) a fundamental miscarriage of justice, *i.e.,* the continued incarceration of someone who is actually innocent, arising from the federal court's failure to consider the defaulted claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986).

To establish cause, a petitioner must show either that his counsel's assistance was so ineffective that it violated his Sixth Amendment right to counsel or "that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. To establish prejudice, "a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

A showing of actual innocence requires "proof of actual innocence, not just legal innocence." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010) (citation omitted). To demonstrate actual innocence, the petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

A federal court may not grant habeas relief with respect to a claim previously adjudicated on the merits in state court proceedings unless the adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable

7

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The "clearly established

Federal law" identified in § 2254(d)(1) "refers to the holdings, as opposed to the

dicta, of [the United States Supreme Court's] decisions as of the time of the

relevant state-court decision."  *Id.* at 412.  As to § 2254(d)(2), "[a] determination

of a factual issue made by a State court shall be presumed to be correct," and the

petitioner carries "the burden of rebutting the presumption of correctness by clear

and convincing evidence."  28 U.S.C. § 2254(e)(1).  "[A] decision adjudicated on

the merits in a state court and based on a factual determination will not be

overturned on factual grounds unless objectively unreasonable in light of the

evidence presented in the state-court proceeding . . . ."  *Miller-El v. Cockrell*, 537

U.S. 322, 340 (2003).

**B.     Procedurally Defaulted Claims**

A number of Petitioner's claims are procedurally defaulted because they have not been presented to the state courts.  Specifically, grounds one, two, five, seven, and eight are procedurally defaulted because they have not been presented to the state courts either on direct appeal or in a state habeas petition.[1]  Petitioner does not dispute that these grounds were not presented, but asks that the Court excuse his default because the state trial court did not provide him with a copy of his trial transcript when it was requested in 2007 and 2008.  [Doc. 26 at 2.] According to Petitioner, if he had a copy of the transcript earlier, he would have discovered these claims and included them in his state habeas petition.  He also

---

[1] Respondent has argued that only a portion of ground 5 is procedurally defaulted because it was not raised in the state courts (the trial court's charge to the jury regarding "grave suspicion"), and that the remainder of ground 5 (the trial court's failure to charge the jury on manslaughter) is procedurally defaulted because the state court found Petitioner had procedurally defaulted the claim by failing to timely raise it on direct appeal.  The claim raised in Petitioner's state habeas petition, however, is fundamentally different than the claim raised here.  In his state habeas, Petitioner raised the issue of the trial court's failure to give a manslaughter charge as an ineffective assistance of counsel claim.  Here, he raises it as a trial court error.  The state habeas court considered Petitioner's ineffective assistance of counsel claim and in rejecting it, noted that trial counsel did not request a charge on manslaughter because Petitioner had elected to pursue an "all-or-nothing approach."  [Doc. 10-3 at 6-7.]  Even if the Court were not to consider this claim procedurally defaulted, the claim fails on the merits.  The trial court cannot be said to have erred in failing to give a jury instruction that was not requested.  *Hackworth v. United States*, 380 F.2d 19, 20 (5th Cir. 1967) (finding trial court did not err in failing to give jury instruction where the instruction was not requested).

argues that his procedural default should be excused because he is actually innocent. [*Id.*]

With respect to having not been provided a trial transcript, Petitioner fails to show how not receiving a trial transcript in 2007 or 2008 prevented him from raising these claims in his state habeas petition on November 23, 2011. Providing no explanation of what steps he took to between 2008 and the filing of his state habeas petition to obtain the transcript, Petitioner has not demonstrated that he acted with due diligence to obtain it. Because Petitioner has not "shown an objective factor external to the defense impeded his efforts to comply with the state procedural rule," he has failed establish that his procedural default should be excused. *Hill v. Terry*, No. CV109-010, 1020 WL 2604693, at *4 (S.D. Ga. Feb. 25, 2010) (citing *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992) (holding that petitioner had not established cause where he did not show he was denied access to transcript by factor beyond his control)).

With respect to his assertion that he is actually innocent, Petitioner has submitted no new evidence to show that "it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Accordingly, Petitioner has failed to excuse his procedural default and he should be denied habeas corpus relief as to grounds one, two, five, seven, and eight.

### C.     Claims That Do Not Present a Federal Question

Respondent asserts that grounds three and four do not present a federal question for adjudication.  "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts."  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  The undersigned agrees that ground three does not present a federal question for adjudication.

In ground three, Petitioner claims that the trial court erred in failing to hold a *Chandler* hearing prior to trial.  In *Chandler v. State*, 261 Ga. 402 (1991), the Supreme Court of Georgia held that "evidence of specific acts of violence by a victim against third persons shall be admissible where the defendant claims justification" and established certain procedures to require advance notice of the intent to introduce such evidence so as to avoid unfairness to the prosecution.  *Id.* at 407-08.  As Respondent points out, a *Chandler* hearing addresses an evidentiary rule that is a matter of state, not federal, law.  On direct appeal, the Georgia Supreme Court considered and rejected this claim on state law grounds, finding that because *Chandler* does not require that hearings be held before trial, the trial court did not abuse its discretion in declining to hear and rule on the *Chandler* evidence.  *Spencer*, 287 Ga. at 437-38.  Because no issue of federal law has been identified, Petitioner should be denied habeas relief on ground three.

11

In ground four, Petitioner claims that the trial court erred in failing to ascertain on the record whether he wanted to exercise his right to testify.  On direct appeal, the Supreme Court of Georgia rejected this claim on state law grounds. Specifically, the court determined that "[u]nder Georgia law, . . . the trial court had no duty to ascertain on the record whether [Petitioner] wanted to testify or to advise him regarding the consequences of his decision."  *Spencer*, 287 Ga. at 438. While Petitioner states in his petition that the trial court's failure to ascertain on the record whether Petitioner wanted to exercise his right to testify "violated [his] constitutional rights," he does not specify whether he is referring to his state or federal constitutional rights.   To the extent Petitioner is referring to his state constitutional rights, this Court can provide him no relief.

To the extent Petitioner is referring to his federal constitutional rights, Petitioner's claim lacks merit.  "[A] trial court has no *sua sponte* duty to explain to a criminal defendant that he has a right to testify or to conduct an on-the-record inquiry into whether a defendant that is not testifying has waived the right knowingly, voluntarily, and intelligently."  *U.S. v. Van De Walker*, 141 F.3d 1451, 1452 (11th Cir. 1998).  Because Petitioner has failed to allege a constitutional violation, he is entitled to no federal habeas relief on ground four.

12

**D.     Petitioner Has Failed to Demonstrate Ineffective Assistance of Counsel**

In grounds six, nine, and ten, Petitioner raises claims of ineffective assistance of counsel that have been adjudicated on the merits in the state courts. The clearly established federal law applicable to these claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland*, 466 U.S. at 687.  As to the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.   As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one."  *Id.* at 697.

> The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether

there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations and internal quotation marks omitted).

**1.**   ***Ground Six:  Trial Counsel's Failure to Present Petitioner's Testimony at Trial***

In ground six, Petitioner claims that his trial counsel was ineffective by failing to present his testimony.  Petitioner states that "[w]hen [a] defendant has personal knowledge of his case he/she should not be persuaded not to testify." [Doc. 1 at 9.]  On direct appeal, Petitioner argued that his trial counsel was ineffective by giving him inconsistent advice.   One of his three attorneys recommended that he testify and the other two disagreed.  *Spencer*, 287 Ga. at 439. Applying *Strickland*, the Georgia Supreme Court found that Petitioner's attorneys did not provide constitutionally deficient representation.   Specifically, the court found that his attorneys

> presented their advice to [Petitioner], and he then made the decision not to testify, which was ultimately his decision and not theirs to make.  [Petitioner] was fortunate to have not one but three experienced lawyers to advise him, and their advice did not in any way violate his Sixth Amendment right.  The record shows both that counsel's performance was not professionally deficient and that [Petitioner] has shown no prejudice from their performance.

*Id.*  Petitioner did not raise this ground in his state habeas petition.

14

"[A] criminal defendant has a *fundamental* constitutional right to testify in his or her own behalf at trial. This right is personal to the defendant and cannot be waived either by the trial court or by defense counsel." *Nichols v. Butler*, 953 F.2d 1550, 1552 (11th Cir. 1992) (quoting *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc)). "[I]t is primarily the responsibility of defense counsel to ensure that the defendant's right to testify is protected by advising the defendant of his right to testify or not to testify, the strategic implications of each choice, and *that it is ultimately for the defendant himself to decide.*" *Id.* at 1553 (emphasis added) (internal quotation marks and citation omitted).

The undersigned agrees that trial counsel did not perform deficiently in failing to present Petitioner's testimony. Petitioner was informed of his right to testify and received the advice of three competent attorneys, two of which advised him to testify, and one of which advised him not to. It was ultimately Petitioner's decision to make. The state court's decision is not contrary to or an unreasonable application of clearly established federal law. The adjudication of the ground six raised on direct appeal in the Supreme Court of Georgia warrants deference pursuant to 28 U.S.C. § 2254(d). Petitioner is not entitled to relief on this ground.

2.    ***Ground Nine:   Appellate Counsel's Failure to Raise on Appeal Trial Counsel's Failure to Object to Unauthenticated Letters***

In ground nine, Petitioner asserts that his appellate counsel was ineffective for failing to assert on direct appeal that trial counsel was ineffective when they did not object to the introduction of the unauthenticated Boyer letters at Petitioner's trial.[2]  This claim was raised in the state habeas petition, and the state habeas court found that appellate counsel was not unreasonable in failing to raise this issue on appeal.  [Doc. 10-3 at 11.]  Specifically, the state habeas court concluded that appellate counsel was justified in winnowing issues for appeal, pursuing only the strongest claims.  Lastly, the state habeas court found that Petitioner had failed to show how he was prejudiced by any alleged errors of appellate counsel, noting that Petitioner "ha[d] not shown that the letters were inadmissible."  [*Id.* at 12.]

The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law.    "[W]innowing out weaker

---

[2]  Petitioner initially presented this claim in his petition as one asserting ineffectiveness of trial counsel for failing to object to the admission of the letters into evidence.  As Respondent notes in its response brief, a claim for trial counsel ineffectiveness was not raised in the state courts and is, therefore, procedurally defaulted.  In his brief in support of his petition, however, Petitioner expanded this claim to include appellate counsel's failure to raise the issue on appeal, which was also raised in the state habeas petition.  Out of an abundance of caution, the undersigned construes Petitioner's claim to allow consideration of its merits.  The undersigned further notes that despite Petitioner's claim that trial counsel failed to object to the admission of the letters at trial, the record shows that trial counsel, in fact, filed a motion in limine to exclude the letters.  [Doc. 10-3 at 7.]

16

arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).  While Petitioner states in his petition that he "has proof the letters never left the Jail," [Doc. 1 at 10], he does not identify what that proof is or how that proof would have rendered the letters inadmissible.  The adjudication of ground nine presented in Petitioner's state habeas petition warrants deference pursuant to 28 U.S.C. § 2254(d).  Petitioner is not entitled to relief on this ground.

### 3.   *Ground Ten:  Appellate Counsel's Failure to Raise on Appeal the Prosecutor's "This is Your Community" Speech*

In ground ten, Petitioner asserts that his appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for not objecting to the prosecutor's "This is your community" speech during closing arguments.  But appellate counsel did raise this issue on direct appeal.  *Spencer*, 287 Ga. at 439.  The Supreme Court of Georgia considered the claim and found that trial counsel's failure to object was not unreasonable because arguments similar to the one made by the prosecutor have been held to be "within the bounds of permissible argument."  *Id.*  Because appellate counsel did raise this issue on appeal, Petitioner's current claim lacks merit.

## III.   CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of relief under § 2254 "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."   Fed. R. App. P. 22(b)(1).   Rule 11 of the Rules Governing § 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).

A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation marks omitted).   When the district court denies a claim in a habeas petition on procedural grounds without reaching the underlying constitutional claim, "a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotation marks omitted).   The undersigned **RECOMMENDS** that a

18

certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable.

### IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Petitioner request for habeas corpus relief be **DENIED** and a certificate of appealability be **DENIED**.

**SO RECOMMENDED** this 13th day of November, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE